Ruffin, C. J.
The levy is returned, strictly in compliance with the Act of Assembly, which directs, that the constable shall set forth what lands he levied on, where situate, on what water course, and whose land it adjoins, Rev. St. c. 62, s. 16. That was done literally in this case; and looking to the return alone, there is no ambiguity in the description, nor any room to doubt, that by it the land could be identified, so that the sheriff could tell what land he was to sell, and bidders also understand what they were buying : which are the objects of the statute in requiring the particularity of description prescribed. *366 This return must be sustained, for it follows the very words of the Act. The land is situate in Mecklenburg county, lies on Sugar creek, and adjoins the land that belonged to Robert Watson, lately deceased. It is true as was observed in Smith v. Low, 2 Ired. 458, a levy though returned in the precise words of the Act, may require extrinsic evidence to identify the land, as indeed, may be the case with the most accurate description in a deed. Here, for example, an ambiguity, not appearing on the return, was raised by evidence dehors that there were three Sugar creeks in Mecklenburg. But that cannot absolutely avoid the levy and return, which conform to the statute. It only made it necessarry, that evidence should be given, which would connect the return with one of those creeks, and make it appear on which of them the land, according to the description in the return, must lie. This' was completely done, by proving that the Watson land, which is called for in the return, lies on a particular brknch of the creek, and that1 Watson had no other land, arid that this tract in fact adjoined that one of Watson’s. How, better evidence could be given, to show on which' of the streams the land lies, or to identify the parcels levied on and sold, it is difficult to conceive.
Per Curiam. ' Judgment reversed and venire de novo,